JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>ESTATE OF DELORIS K. TRAMMELL, et al.,<br><br>                    Defendants. | Case No. 5:22-cv-00190-FLA (ASx)<br><br>**JUDGMENT AND ORDER OF SALE** |

Pursuant to the Stipulation for Entry of Judgment ("Stipulation," Dkt. 22) filed on January 4, 2023, the court ORDERS that:

    1.    Judgment is entered in favor of the United States of America (the "United States"), and against the Estate of Deloris K. Trammell ("Estate") in the amount of $449,454 and against Diana L. Nelson ("Nelson") in the amount of $449,454, jointly and severally, as of November 30, 2022, in relation to the Estate's unpaid Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, liabilities.

    2.    The United States holds valid federal tax liens against the Estate and Nelson in relation to the Estate's Form 706 liabilities. The United States' tax liens attached without limitation to all property and rights to property held by Nelson, including

Nelson's interests in the real properties commonly known as 44878 Rinehart Lane, Sugarloaf, California 92386 (the "Rinehart Property") and 889 Spruce Lane, Sugarloaf, California (the "Spruce Property"). The United States may enforce its tax liens via judicial sales of the Rinehart and/or Spruce Properties pursuant to 26 U.S.C. §§ 7402(a) and 7403(c).

3. The Rinehart Property has assessor's parcel number 2350-646-40-0-000, County of San Bernardino, State of California. It is legally described as:

> LOTS 54 AND 55, BLOCK I, OF BIG BEAR PARK ANNEX, IN THE UNINCORPORATED AREA, COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 23, PAGES 55 AND 56, OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

4. The Spruce Property has assessor's parcel number 2350-646-47-0-000, County of San Bernardino, State of California. It is legally described as:

> LOTS 51, 52, AND 53, BLOCK I, BIG BEAR PARK ANNEX, AS PER PLAT RECORDED IN BOOK 23 OF MAPS, PAGES 55 AND 56 OF SAID COUNTY.

5. The Rinehart and Spruce Properties are ordered to be sold as set forth below.

6. The Internal Revenue Service ("IRS") Area Director of the district that includes San Bernardino County or his authorized delegate (such as an IRS Property Appraisal and Liquidation Specialist, "PALS") is authorized to sell the Rinehart and Spruce Properties.

7. The IRS Area Director or PALS is ordered to sell the Spruce and/or Reinhart Properties pursuant to 26 U.S.C. §§ 7402(a) and 7403(c) to collect the unpaid federal tax liabilities of the Estate and/or Nelson as follows:

   a. The PALS shall announce the date and time of the sale.

///

2

      b.    Notice of the sale of each property shall be published once a week for at least four consecutive weeks prior to the sale in at least one newspaper regularly issued and of general circulation in San Bernardino County, California. The notice shall describe the property by its street address and legal description and shall contain the terms and conditions of sale set forth in this Order.

      c.    The terms and conditions of the sale shall be as follows:

          i.    A minimum bid determined by reference to the current fair market value of the property shall be required. The minimum bid shall be 75% of the current fair market value as determined by an appraisal of the property by the PALS. All payments relating to the property shall be made by money order or by certified or cashier's check.

          ii.    The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

          iii.    At the time of the sale, the successful bidder shall be required to deposit with the PALS by money order or by certified or cashier's check payable to the United States District Court for the Central District of California a deposit equal to twenty percent (20%) of the bidder's total bid immediately upon the property being struck off and awarded to such bidder as the highest and best bidder.

          iv.    Within three (3) business days of the date of sale, the successful bidder shall remit the remaining eighty percent (80%) of her total bid by money order or by certified or cashier's check payable to the United States District Court for the Central District of California.

          v.    The money order or certified or cashier's check payable to the United States District Court for the Central District of California shall be given by the successful bidder to the PALS, who will deposit the funds with the Clerk of this Court.

///

          vi.     Should the successful bidder fail to comply with the terms of the sale, such bidder shall be liable to the United States for twenty percent (20%) of his bid on the property as a penalty. The Clerk shall distribute the 20% penalty as directed by the PALS by check made to the "United States Treasury" to be applied toward payment of said penalty. Payment of said penalty will not be credited against the amount of the United States' judgment. The property shall again be offered for sale under the terms and conditions of this order for sale or, in the alternative and in the discretion of the PALS, sold to the second highest bidder.

        d.     The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the court's registry for distribution pursuant to further direction from the court.

        e.     Upon selling the Spruce or Rinehart Property, the United States of America shall prepare and file with the court an application to confirm sale and direct distribution of the sale proceeds which will set forth an accounting and report of the sale of the property. The sale of any property shall be subject to confirmation by this court. The application to confirm sale and direct distribution of sale proceeds shall be filed within thirty (30) days from the date of the sale. If no objections have been filed in writing with the Clerk of the Court within fifteen (15) days after the application to confirm sale has been filed, the sale will be confirmed by the court. Upon confirmation of the sale, the court will direct the IRS to execute and deliver its deed conveying the property to the purchaser. Upon confirmation of the sale, all interests in, liens against, or claims to the property that are held or asserted by the parties to this action will be discharged and extinguished.

8.     If requested in writing by the IRS, any person occupying the property shall vacate the property permanently within 60 days of the IRS's written request and shall take with him any personal property but leave all improvements, buildings, fixtures, and appurtenances to the property. If any person fails or refuses to vacate the property within 60 days of the IRS's written request, the PALS is authorized to coordinate with

the United States Marshals Service to take all actions that are reasonably necessary to have those persons ejected or excluded from the property. The United States Marshals Service is authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain in the premises, which include, but are not limited to, the land, buildings, vehicles, and any other structures located thereon, for the purposes of executing this order of sale. The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere in any way with the execution of this order. Any personal property remaining on the property 60 days after the IRS's request will be deemed forfeited and abandoned, and the PALS is authorized to dispose of any such property in any manner she sees fit, included sale, in which case the sale proceeds are to be applied first to the costs and expenses of sale and the balance shall be deposited into the court's registry for further distribution. This order shall also serve as a Writ of Assistance or Writ of Possession, as appropriate, and no further order from the court shall be necessary for those purposes.

9. Until the court confirms the sale of the Spruce and Rinehart Properties, the IRS, PALS, and their representatives shall have free and full access to the properties in order to take any and all necessary actions to preserve and market the properties for sale, including, but not limited to, photographing the interior and exterior of the properties, examining the properties, conducting open houses and other marketing efforts in relation to the properties, and retaining a locksmith or other person to change or install locks or other security devices on any part of the properties.

10. Until the purchasers of the Spruce and Rinehart Properties have taken possession, Nelson and Defendant Randal O. Wallingford ("Wallingford") shall:

    a. Take all reasonable steps necessary to preserve the properties (including all buildings, improvements, fixtures, and appurtenances on the property) in their current conditions, including maintaining fire-and-casualty insurance policies on the properties;

   b. Timely pay all real property taxes, mortgage payments, homeowners association dues (if any), and insurance premiums relating to the properties;

   c. Neither commit waste against the properties nor allow or cause anyone else to do so; and

   d. Neither do anything that tends to reduce the value or marketability of the properties nor allow or cause anyone else to do so.

11. After the court enters an order confirming the sale of the Spruce Property, the sale proceeds deposited with the Clerk of the Court shall be paid in the following order:

   a. First, to the United States for any of costs of sale associated with the property;

   b. Second, for any state or local property taxes due and owing for the property;

   c. Third, to the United States for the Estate's Form 706 liabilities; and

   d. The remainder of the sale proceeds (if any) shall be paid to Nelson.

12. After the court enters an order confirming the sale of the Rinehart Property, the sale proceeds deposited with the Clerk of this Court shall be paid in the following order:

   a. First, to the United States for any of costs of sale associated with the property;

   b. Second, for any state or local property taxes due and owing for the property;

   c. Third, to the United States for the Estate's Form 706 liabilities; and

   d. The remainder of the sale proceeds (if any) shall be paid to Nelson and Wallingford.

13. Any sale pursuant to this order shall be free and clear of any liens and encumbrances held by any party to this action including the United States, Nelson, and Wallingford.

14. The court retains jurisdiction of this action for the purpose of making proper distributions of the proceeds of the sale and resolving any disputes concerning the application to confirm sale and direct distribution of sale proceeds.

IT IS SO ORDERED.

Dated: February 22, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge